IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: CHERIE LYNNE VRANEY, | ) | CASE NO. 18-82365 |
| DEBTOR | ) | |
| | ) | CHAPTER 7 |
| DEBORAH AESCHLIMAN, | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. _____ |
| | ) | |
| CHERIE LYNNE VRANEY, | ) | |
| DEFENDANT | ) | |

**COMPLAINT OBJECTING TO**
**DISCHARGABILITY PURSUANT TO §523**

Plaintiff Deborah Aeschliman states as follows for her Complaint against

Debtor-Defendant Cherie Lynne Vraney:

**I. JURISDICTION AND VENUE**

1.     This Court has constitutional authority and jurisdiction over this

matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(I).

2.     This court has venue over the subject matter of the Complaint

pursuant to 28 U.S.C. §1409(a).

3.     The Debtor filed a voluntary Chapter 7 case on or about October 31,

2018.

4.      The deadline set for filing this action by Bank. R. Civ. P. 4004(a) and

4007(c) is February 11, 2019.

## II. PARTIES

5.      Plaintiff Deborah Aeschliman ("Plaintiff") is an individual who

resides in Rockford, Winnebago County, Illinois.

6.      On information and belief, Debtor-Defendant Cherie Lynne Vraney

("Defendant") is an individual who resides in Rockford, Winnebago County,

Illinois.

## III. FACTS

7.      Plaintiff and Defendant worked together to form an Illinois limited

liability company, Healthy Habits Wellness Boutique, LLC ("Healthy Habits") that

was intended to operate a wellness store and spa, with its principal office and

location in Loves Park, Winnebago County, Illinois.

8.      Beginning in about spring of 2016, and continuing thereafter for many

months,  Plaintiff provided certain amounts of money and personal property

(collectively, "Property"), and Plaintiff's work time ("Work"), toward the creation,

construction, and operation of Healthy Habits.

9.      Plaintiff provided the Property and Work with the understanding that

she was a co-owner of Healthy Habits.

2

10.     Defendant subsequently ousted Plaintiff from Healthy Habits, locking her out of the business location and without repaying Plaintiff or giving Plaintiff access to much of the Property and value of the Work.

11.     At the time Healthy Habits entered the lease for its retail location, Plaintiff signed a personal guaranty for the lease ("Guaranty"), due to Defendant's representations that Plaintiff was a co-owner of Healthy Habits.

12.     Around the time Defendant ousted Plaintiff from Healthy Habits, Defendant provided a "Release of Personal Guaranty" ("Release") to Plaintiff, representing that the retail location property manager, on behalf of the property owner, had approved the Release and its effect of releasing Plaintiff from any obligations related to the Guaranty.

13.     Despite, and contrary to, Defendant's representations regarding the Release, Plaintiff was subsequently sued by the retail location property owner for obligations related to the lease.

14.     Defendant has yet to repay Plaintiff for much of the Property and Work.

## IV.  CAUSES OF ACTION

15.     Plaintiff objects to the dischargeability of all amounts Defendant may owe to Plaintiff, to be shown at trial, or such portions as the Court may order, pursuant to 11 U.S.C.§ 523 as further set forth in the following two counts.

3

## COUNT I - Misrepresentation

1-15.  Plaintiff adopts and realleges paragraphs 1-15 of the allegations above as if said allegations were fully set forth and alleged herein.

16.    On information and belief, at the times that Defendant made the various representations and promises regarding Plaintiff's co-ownership of Healthy Habits, Defendant knew that Defendant did not intend to fulfill and honor such representations and promises.

17.    Further, on information and belief, at the time that Defendant represented that the property manager was aware of and had approved the Release, Defendant knew such representation was false.

18.    Plaintiff relied on the false statements, promises, and assurances as alleged above.

19.    Plaintiff was justified in said reliance, in that Plaintiff and Defendant had prior business relations that did not have the difficulties present here.

20.    Plaintiff has been damaged by reasons of the misrepresentations in legal exposure (with a case currently pending as to the Guaranty) and the lost value of the Property and Work.

21.    Defendant's conduct as alleged herein was willful, intentional, and purposeful, for which Defendant should be compelled to pay punitive damages and attorney's fees.

22. For these reasons, amounts proven to be owed by Defendant to Plaintiff are non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A).

## COUNT II - Conversion

1-15.  Plaintiff adopts and realleges paragraphs 1-15 of the allegations above as if said allegations were fully set forth and alleged herein.

16.   Defendant's actions in locking out Plaintiff and retaining the Property constitute the unauthorized deprivation of Plaintiff's property.

17.   Plaintiff had the immediate right to access to the Property.

18.   Plaintiff demanded that Defendant return the Property, but Defendant has failed and refused to return the Property.

19.   Defendant's above-alleged actions constitute wanton, willful, and malicious conduct, in that the actions were deliberate and intentional, and were done knowingly and without just cause or excuse, injuring Plaintiff's right in the Property.

20.   Amounts owed by Defendant are thus non-dischargable pursuant to 11 U.S.C. 523(a)(6).

## V. DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff requests the following relief:

5

A. That the Court determine all amounts Defendant Defendant may owe to Plaintiff to be shown at trial, alleged to be in excess of $65,000.00, before this Court or an Illinois trial court, or portions thereof as such Court may order, are not dischargeable pursuant to the sections of 11 U.S.C. § 523 referred to above;

B. That Plaintiff be awarded interest, attorneys fees, and costs in this action to which she may be entitled; and

C. That Plaintiff be awarded such further and general relief to which she may be entitled.

DEBORAH AESCHLIMAN,
Plaintiff

By: /s/ Jeffrey P. Orduno
    Jeffrey P. Orduno, 0198929
    P. O. Box 4744
    Rockford, IL 61110
    815-200-1095
    jeff@jefforduno.com